IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The Cliffs Communities, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-3206-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Scott Savlov, Savlov Consulting, Inc. | ) | |
| (d/b/a Scott Savlov Consulting, Inc.), | ) | |
| and Savlov-Weisman, LLC (d/b/a Savlov- | ) | |
| Weisman Productions, Inc.), | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to dismiss and motion for partial summary judgment. For the reasons set forth below, Defendants' motions are denied.

## I. Factual and Procedural Background

This case arises out of an agreement between The Cliffs Communities, Inc. ("The Cliffs") and Defendants entered into on September 21, 2005. The Cliffs is a residential community that "operates six (6) championship golf courses which have played host to numerous premier golfing events." (Compl. ¶ 8.) Defendants specialize in the creation and production of televised sporting events. (Id. ¶ 9.) The Defendant entities, Savlov Consulting, Inc. and Savlov-Weisman, LLC, are "owned, controlled, and managed by Scott Savlov ("Savlov"). (Pl.'s Mem. Opp'n Mot. Dismiss 2.) On August 25, 2005, The Cliffs entered into a written agreement with Defendants ("Wolf Agreement") whereby Defendants would produce and market a televised golfing event to be held at The Cliffs at Walnut Cove in Asheville, North Carolina ("the ADT Cliffs Challenge"). (Compl. ¶¶ 10-12.) According to The Cliffs,

1

"[a]pproximately two weeks prior to the [ADT Cliffs Challenge], Mr. Savlov approached The Cliffs with the news that his primary funding source had 'backed out' and that without a $500,000 loan from The Cliffs, The ADT Cliffs Challenge could not go forward." (Pl.'s Mem. Opp'n Mot. Dismiss 3.) The Cliffs "reluctantly agreed" to loan Savlov the $500,000 in order to pay for final expenses associated with the ADT Cliffs Challenge. (Id.)

The loan transaction was memorialized in a promissory note executed on September 21, 2005, entered into by The Cliffs and Savlov on behalf of Savlov Consulting, Inc. and Savlov-Weisman, LLC. (Id. Ex. B (Promissory Note).) "This Promissory Note provides that Savlov Consulting and Savlov-Weisman shall repay to The Cliffs the $500,000 principal along with a six percent rate of annual interest, with the balance to be paid on October 25, 2005." (Pl.'s Mem. Opp'n Mot. Dismiss 3.) "In the event that the proceeds of the ADT Cliffs Challenge were insufficient to satisfy the debt, the Promissory Note provides that the remaining balance shall be paid in equal twenty-five percent installments between January and October of 2006." (Id. at 3-4.) The ADT Cliffs Challenge was ultimately televised on October 22, 2005. Following the event, however, Defendants never made the agreed upon payments under the promissory note and guaranty.

"In an initial effort to satisfy their debt obligations to The Cliffs, [Defendants] proposed a second golfing event of a similar nature (the "Second Event")." (Pl.'s Mem. Opp'n Mot. Dismiss 4.); (Compl. Ex. D, E (Letters to Savlov).) Defendants informed The Cliffs that the Second Event "would be held at [T]he Cliffs in order to raise the funds necessary to satisfy the Defendants' obligations under the Promissory Note." (Compl. ¶ 30.) The Second Event never occurred and the Defendants ceased communications with The Cliffs. (Id. ¶ 31.) On June 27,

2008, The Cliffs sent an additional demand letter to Defendants seeking full payment of the amount due under the promissory note.  (Id. ¶ 32, Ex. E (June 27, 2008 Letter).)  Upon receiving no response from Defendants, The Cliffs filed the instant litigation alleging breach of contract and fraud and misrepresentation claims on September 19, 2008.

Defendants filed the instant motion to dismiss, or in the alternative, motion for partial summary judgment on The Cliffs' second cause of action for fraud and misrepresentation on November 26, 2008.  The Cliffs filed a response in opposition on December 15, 2008.

## II. Discussion of the Law

### A. Dismissal Standard

Defendants move to dismiss the complaint arguing that The Cliffs has failed to state a claim for which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In the United States District Court, the plaintiff must make only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him] to relief."  Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  The court will treat factual allegations of the nonmoving party as true.  See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994)

### B. The Cliffs' Fraud Claim

Defendants allege that The Cliffs has failed to satisfy the heightened pleading standard that requires the allegation of fraud be stated with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  According to Defendants, The Cliffs

>  does not identify any particular representation which was made but merely alleges
>  the subject of the representation.  Moreover, [The Cliffs] also does not identify the
>  particular person who made each of the unidentified representations, nor does
>  [The Cliffs] allege when each representation was made, to whom it was made, nor
>  does it explain why it was false.

(Defs.' Mem. Supp. Mot. Dismiss 3.)  "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . .  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The "circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation marks omitted).  "The second sentence of Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive."  Id.

In its complaint, The Cliffs alleges that prior to November 6, 2006, Savlov informed The Cliffs that a Second Event would be held in 2007 "at The Cliffs in order to raise the funds necessary to satisfy the Defendants' obligations under the Promissory Note."  (Compl. ¶ 30.)  A letter from The Cliffs to Defendants dated November 6, 2006, states, "I understand that you have proposed a 2007 event to raise funds to pay off the debt.  As of this writing The Cliffs has not received any tangible evidence of a business plan to address a 2007 event or repayment of the outstanding debt."  (Compl. Ex. D (Nov. 6, 2006 Letter).)  The Cliffs attempted to obtain tangible proof of the Second Event by asking Defendants to provide them with a "business plan for the 2007 event, including timelines and commitments from media, players, and sponsors, a budget for the 2007 event" as well as other concrete evidence.  (Id.)  The Cliffs alleges that the

Second Event never "materialized and the Defendants ceased in their communications with The Cliffs and its counsel." (Id. ¶ 31.) The Cliffs asserts that "Defendants, collectively, made numerous representations regarding their intent to host a 2007 golfing event [the Second Event] to satisfy their payment obligations under the terms of the Promissory Note and Guaranty" and during that time "Defendants knew such representations to be false, and indeed, such representations were false" and made "purely to delay the collection of the amounts due under the Promissory Note." (Id. ¶¶ 48-51.) Accordingly, The Cliffs alleges that when Savlov stated that Defendants would host the Second Event, Savlov knew that he was unable to perform or had no intention to perform. Thus, The Cliffs "was deceived by the Defendants' actions and misrepresentations and reasonably relied upon these misrepresentations by delaying in good faith its legal efforts to collect the amounts owed by the Defendants under the terms of the Promissory Note." (Id. ¶ 53.)

The court "should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which []he will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." Harrison, 176 F.3d at 784. Based on the allegations in the complaint and the documents accompanying the complaint, the court finds that The Cliffs has sufficiently satisfied these two elements and that The Cliffs has pled the circumstances constituting fraud in accordance with Rule 9(b). Accordingly, Defendants' motion to dismiss is denied.

As to Defendants' motion for summary judgment, the court finds the motion is premature because discovery has yet to begin in this case. See Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir. 1991) ("Summary judgment may only be entered after adequate time for

discovery.") (internal quotations marks omitted). As such, the court denies Defendants' motion for summary judgment without prejudice.

Therefore, it is

**ORDERED** that Defendants' motion to dismiss, docket number 6, is denied. It is further

**ORDERED** that Defendants' motion for summary judgment, docket number 6, is denied without prejudice.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
March 16, 2009